**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4531**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JOHN KENNEDY WILSON,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:15-cr-00221-BR-2)

Submitted:  May 25, 2017                          Decided:  June 1, 2017

Before GREGORY, Chief Judge, and DUNCAN and THACKER Circuit Judges.

Affirmed by unpublished per curiam opinion.

Renorda Pryor, HERRING LAW CENTER, PLLC, Durham, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

John Kennedy Wilson appeals the 175-month sentence the district court imposed following his guilty plea to conspiracy to distribute and possess with intent to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846 (2012), and being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012). Defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but questioning the validity of Wilson's guilty plea under Fed. R. Crim. P. 11 and the reasonableness of his sentence. The court notified Wilson of his right to supplement counsel's brief with a pro se brief, but he has not filed one, and the Government has declined to file a response.

We review Wilson's Rule 11 hearing for plain error because he did not seek to withdraw his plea. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To establish plain error, an appellant must identify an error that was plain and affected the appellant's substantial rights. *Id.* at 816. In the guilty plea context, an appellant meets this burden by showing "a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* (internal quotation marks omitted). While the district court did not advise Wilson about the consequences of pleading guilty for noncitizens or confirm that no one had forced or threatened him to plead guilty, Fed. R. Crim. P. 11(b)(1)(O), (2), we conclude that those omissions did not affect Wilson's substantial rights.

Turning to Wilson's sentence, we apply "a deferential abuse-of-discretion standard" and review for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). Under that standard, we conclude that the district court did not abuse its

2

discretion because the record lacks any procedural errors, *see id.*, and Wilson cannot rebut the presumption of substantive reasonableness afforded to his below-Guidelines sentence, *see United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

The district court did, however, omit required advice at the sentencing hearing. The court did not cite the correct criminal history category for Wilson and failed to notify Wilson of his right to appeal after the district court imposed sentence, in violation of Fed. R. Crim. P. 32(j)(1)(B). We conclude that those errors were harmless because the court used the correct criminal history category when calculating the Sentencing Guidelines range following its downward variance and because Wilson timely appealed.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Wilson, in writing, of the right to petition the Supreme Court of the United States for further review. If Wilson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wilson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*